IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFF CROOK,

      Plaintiff,

v.                                                           Case No. 24-2468-JWB

SUNFLOWER ELECTRIC POWER
CORPORATION,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for partial dismissal of Plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), retaliation in violation of the ADEA, and punitive damages under the ADEA. (Doc. 6.) The motion is fully briefed and ripe for decision. (Doc. 7, 10, 13.) The motion is granted in part and denied as moot in part for the reasons stated herein.

**I.    Facts**

This brief recitation of facts is taken from Plaintiff's complaint (Doc. 1) which are assumed to be true for purposes of deciding Defendant's motion to dismiss. Plaintiff was a "coal and material handling supervisor" for Defendant, Sunflower Electric Power Corporation ("Sunflower"). (*Id*. at 2.) He had been in this position since 2016, and an employee of Sunflower for the last 24 years. (*Id*.) In December 2023, while performing maintenance on a coal chute steel plate, Plaintiff suffered a severe injury on his right hand. (*Id*. at 3.) This injury required Plaintiff to take time off from his job for recovery. He later filed a workers compensation claim related to the hand injury. (*Id*. at 4.)

1

In March 2024, Plaintiff's doctors cleared him to return to work on light duty; however, Plaintiff alleges that Defendant did not allow him to return to work nor did they accommodate his injury. (*Id*. at 5.) At the end of March, Plaintiff had another medical issue when a colonoscopy failed to properly catharize. (*Id.* at 6.) Plaintiff alleges that on or about April 2, 2024, a Sunflower employee named Patrick Wheaton told Plaintiff during a phone call that Sunflower considered him a liability and that he might get hurt again. (*Id*.) On April 4, 2024, Plaintiff was terminated from Sunflower. (*Id*.) Later that day Sunflower's representative, Kaitlyn Dickinson, called Plaintiff, but she did not answer any questions regarding why Plaintiff had been terminated. (*Id*. at 7.) Plaintiff claims that he was never put on a performance improvement plan, and that the reasons given by Sunflower for his termination are false. (*Id*.) He claims that he never received any complaints about his work, his management, or his performance, and that the real reason for his termination is that Sunflower considers him too old and disabled to work. (*Id*. at 6.)

Plaintiff filed a complaint on October 11, 2024. Plaintiff alleges four counts against Defendant Sunflower, including age discrimination, disability discrimination, retaliation, and workers compensation retaliatory discharge. (*Id*. at 7-11.) Plaintiff also asks for punitive damages regarding the age discrimination, disability discrimination, and retaliation claims. Defendant now moves to dismiss the complaint in part under Federal Rule of Civil Procedure Rule 12(b)(6). (Doc. 6.)

**II.    Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived

2

from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.    Analysis**

Defendant Sunflower raises three arguments in its motion for partial dismissal: 1) Plaintiff fails to establish an age discrimination claim, 2) Plaintiff fails to establish a retaliation claim under the ADEA, and 3) punitive damages are not available under the ADEA. The court will address each in turn.

**A.   Motion to dismiss Plaintiff's claims under the ADEA.**

With regard to Count I of the complaint (which alleges age discrimination in violation of the ADEA), Defendant claims that "Plaintiff appears to be alleging both hostile work environment and wrongful termination claims under the ADEA." (Doc. 7 at 4.) However, in his response to Defendant's motion, Plaintiff concedes that he is only bringing a wrongful termination claim and "is not asserting a stand-alone hostile work environment claim." (Doc. 10 at 4 n.2.) Therefore, the court construes Count I as only bringing a claim for wrongful termination. To the extent Count I could contain a claim for hostile work environment, the court grants the motion to dismiss.

With regard to the wrongful termination claim, 29 U.S.C. § 623(a)(1) requires a plaintiff to prove that "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). To prevail on his ADEA claim, Plaintiff must establish that age was a determining factor in the decision to terminate his employment. *See Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996). However, the parties disagree about the proper test for a prima facie case of discriminatory discharge under the ADEA. The first three elements of a four-part test are not in dispute; namely, that a plaintiff must show (1) he is a member

3

of the class protected by the ADEA, (2) he suffered an adverse employment action, and (3) he was qualified for the position at issue. Nevertheless, the parties disagree on the fourth and final prong. Defendant contends that the fourth element requires a defendant to fill the plaintiff's position with a younger person (citing cases such as *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1056 (10th Cir. 2020) and *Oglesby v. Hy-Vee, Inc.*, 214 F. App'x 829, 832 (10th Cir. 2007)). Plaintiff contends that the fourth element requires a plaintiff show he was treated less favorably than others not in the protected class (citing cases such as *Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1160 n.9 (10th Cir. 2022) (citing *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010)).

In evaluating a similar disagreement regarding the proper test for an ADEA wrongful termination claim in this district, Judge Robinson noted that the Tenth Circuit has inconsistent dicta on which formulation is the correct test to use in discrimination cases. *See Sanchez v. Alcon Vision, LLC*, No. 2:22-CV-2336-JAR, 2024 WL 2232033, at *11 (D. Kan. May 15, 2024). For example, the Tenth Circuit has held that "the fourth element may be established through circumstantial evidence that the plaintiff was treated less favorably than younger employees" when dealing with a defendant generally reducing their workforce. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). However, for purposes of the present motion, it is not necessary to decide how to describe the fourth element in this case, because under either proposed standard, Plaintiff has failed to plead that Defendant treated Plaintiff differently from any other similarly situated, younger employee. Many of the facts in the complaint relate to Plaintiff's injury and lack of accommodations for that injury rather than to his age. Plaintiff does plead that "Sunflower employees considered plaintiff too old . . . to return to work," (Doc. 1 at ¶ 53), but the only way this fact could be relevant to a claim of wrongful dismissal would be if the statements were made

4

by someone in a position of authority. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998) ("In order to rely on age related statements, [plaintiff] must show that they were made by a decision maker, and that there was a nexus between the discriminatory statements and the decision to terminate."). Therefore, even construing the facts in a light most favorable to Plaintiff, Plaintiff has not pled sufficient facts to provide a prima facie case for age discrimination under the ADEA. Thus, Defendant's motion to dismiss Plaintiff's ADEA claim is granted.

**B. Motion to dismiss retaliation and punitive damages under the ADEA.**

Regarding Plaintiff's retaliation claim (Count III), Defendant contends that Plaintiff never "made an internal complaint to Defendant or expressed any protected opposition to perceived age discrimination or any other alleged violation of the ADEA." (Doc. 7 at 8.) Plaintiff responds by contending that he is only bringing a retaliation claim "based on disability discrimination and for filing a worker's compensation claim." (Doc. 10 at 10.) Thus, Defendant's motion to dismiss retaliation claims brought under the ADEA is granted.[1]

Regarding the last section of Defendant's motion dealing with punitive damages, given that Plaintiff's ADEA claim and ADEA retaliation claim have been dismissed, the motion to dismiss punitive damages under the ADEA is moot. Therefore, the motion to dismiss punitive damages under the ADEA is denied as moot.

**IV. Conclusion**

Defendants' motion to dismiss (Doc. 6) is GRANTED IN PART and DENIED AS MOOT IN PART. Defendant's motion to dismiss Count I and the ADEA claims in Count III is

---

[1] Plaintiff contends that he is only bringing a retaliation claim "based on disability discrimination and for filing a worker's compensation claim" (Doc. 10 at 10); however, in Paragraph 78 of the complaint, Plaintiff claims in Count III that "Defendant's misconduct, as alleged above, constitutes retaliation in violation the ADEA and or ADA." Given the representation by Plaintiff in the briefing for this motion, the court will construe Plaintiff's argument as voluntarily dismissing the ADEA retaliation claim initially pled in Count III.

5

GRANTED. Defendant's motion to dismiss punitive damages under the ADEA is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 29th day of January, 2025.

                                                       __s/ John W. Broomes_____
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE